EMDON v. OLYMPIA ROOFING CO. ET AL.

(November 18, 1929. Opinion and Decree.)

Paul Maloney, of New Orleans, attorney for plaintiff, appellee.

Thomas Tomney, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. This is a suit on a written contract for the return of certain money paid under the terms of the agreement and for damages. The petition alleges that on November 10, 1925, plaintiff and

defendant, a co-partnership, entered into a written contract, under the provisions of which, the defendant undertook to place a roof on plaintiff's building, 6147 Catina Street, New Orleans, for the price of $160, and in which contract the defendant guaranteed the roof for a period of ten years. The petition also alleges that, shortly after the roof was placed on the building, it began to leak, due to defects in the construction of the roof by the defendant, and that the defendant was repeatedly notified of the leaks and repeatedly attempted to correct them, but without success. The petition further alleges that on June 14, 1928, plaintiff notified defendant by letter that the roof continued to leak, and that on August 18, 1928, a new roof was installed for the sum of $200 by a third party. Plaintiff asked for the return of the price of the roof—i. e., $160—and for damages caused by the leaks in the roof.

Defendant denies liability, and alleges that the roof was properly installed in a workmanlike manner and with good material, but that the leaks were due to the defective construction of the building, particularly the manner in which the sheathing boards were placed on the roof, and to the sagging of the roof due to the sinking of the foundation. There was judgment in favor of the plaintiff for $160, and defendant has appealed. The plaintiff did not answer the appeal.

The guaranty reads as follows:

"This roof guaranteed both by ourselves and the manufacturers for a period of Ten years from date of application when subjected to ordinary usage."

The evidence shows that the building was about three years old and originally had a similar roof on it which also leaked. That the sole and only reason why the plaintiff had defendant place a new roof on the building was to get a weatherproof roof on the building. The defendant undertook to place the new roof over the old one without removing it, and, in spite of the fact that the building then had two roofs, it continued to leak.

The representative of the defendant admits that he inspected the building before installing the new roof, and after its installation issued a ten-year guaranty to plaintiff. There is quite a conflict between plaintiff's and defendant's evidence as to whether the leaks were caused by the improper installation of the roof or bad material, or whether they were caused from the sheathing boards not being properly placed on the building. However, when the third roof was installed by the third party, the two first roofs were removed and the new roof was placed on the building. The new roof did not leak, notwithstanding several heavy rains. The evidence shows conclusively that only certain small portions of the sheathing, where the water had leaked and caused it to rot, were removed and properly replaced, before the third and present roof was placed on the building. We are therefore convinced that it was neither the settling of the building nor the improper sheathing of the building that caused the leaks in the roof, but that they were due either to the improper laying of the roof or defective material used in installing it.

For the reasons assigned, the judgment appealed from is affirmed.